UNITED STATES, Appellee,

v.

Private (E-2) Royal W. WILSON, SSN 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, United States Army, Appellant.

SPCM 18928.

U.S. Army Court of Military Review.

29 March 1984.

Lieutenant Colonel William P. Heaston, JAGC, Captain Harry L. Williams, Jr., JAGC, and Captain Robert S. Johnson, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Patrick M. Flachs, JAGC, Captain Robert L. Swann, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

OPINION OF THE COURT

WOLD, Senior Judge:

Appellant contends that his conviction for willful disobedience of the order of a superior commissioned officer should be reversed because the order did not require immediate compliance and was countermanded before performance was required.

A lieutenant ordered appellant to "shotgun" a truck to the field. This meant that appellant was to serve as assistant driver for the truck. The order was phrased in the present tense and contained no language suggesting that delayed compliance was authorized. Appellant verbally refused three times, then began to walk out of the lieutenant's office. At that point, the lieutenant ordered appellant to his room. The truck had to be prepared for travel, which took thirty minutes to an hour after the order was given. The truck left with another soldier assigned as assistant driver.

Appellant cites *United States v. Bartee*, 50 C.M.R. 51 (N.C.M.R.1974), and *United States v. Clowser*, 16 C.M.R. 543 (A.F.B.R.1954), for the proposition that if an order does not specify the time for compliance, the law allows a "reasonable time" for performance. He contends that it was during such a grace period that the order to "shot-

gun" the truck was countermanded. We decline to follow *Bartee* or *Clowser*.

The law in this area has been ably analyzed by Judge Byrne of the United States Navy-Marine Court of Military Review in *United States v. McLaughlin*, 14 M.J. 908 (N.M.C.M.R.1982). The dispositive rule for the case at bar is that immediate compliance is required by any order which does not explicitly or implicitly indicate that delayed compliance is authorized or directed. For orders which require preliminary steps before they can be executed, this rule requires that the recipient begin the preliminary steps immediately unless the order explicitly or implicitly indicates that a delay is authorized or directed.[1]

In the case at bar, appellant obviously had to prepare himself and the truck for the trip to the field. The order he received required him to begin his preparations immediately. His refusal violated the order.

The remaining assignments of error are without merit.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge COHEN concur.

1. Accord, *United States v. Stout*, 1 U.S.C.M.A. 639, 5 C.M.R. 67 (1952).