**UNITED STATES**

v.

**Airman Basic Michael J. DELLAROSA, FR 150–76–5418, United States Air Force.**

**ACM S27862.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 31 March 1988.

Decided 6 Jan. 1989.

Appellate Counsel for the Appellant: Colonel Fred W. Kuhn; Captain Paul M.

---

Dankovich and Lieutenant Colonel Francis T. Lacey, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni and Captain Joseph V. Treanor, III.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

The appellant was found guilty, contrary to his pleas, of negligent dereliction of his duty, disobedience of an order from his superior commissioned officer, and two failures to go to his appointed place of duty. He was sentenced to a bad conduct discharge, 3 months confinement, and forfeiture of $200.00 per month for 3 months.

The appellant was a weather observer stationed at a small weather detachment at Fort Drum, New York. In two related assertions of error, the appellant contends there is insufficient evidence to prove him guilty of disobedience of an order as alleged in Charge II and its specification, and that there is insufficient evidence to support a finding that the appellant violated his commander's order to get into his uniform and report for work. We agree.

Charge II and its specification allege that the appellant disobeyed his superior commissioned officer's order to perform extra duties. The appellant contends there is insufficient evidence to prove him guilty of disobedience of an order as alleged in Charge II and its specification. We are not convinced that the proof which was offered, dealing with the order to get dressed, was sufficient to prove the alleged order "to perform extra duties". However, because we base our disposition of these errors on the reasonable delay for compliance, we need not develop our analysis of that issue.

We will spend more time with the appellant's other assertion concerning this Charge. He asserts that there is insufficient evidence to sustain the military judge's finding that the appellant violated his commander's order to get dressed. Further, he asserts that this proof should not have resulted in a finding of guilty under Charge II and its specification.

The proof offered for this offense was essentially that the appellant did not show up for work at the weather detachment when unit personnel expected him to. Several unit supervisors were dispatched to the dormitory to see what was the matter. Finally, the commander went to the appellant's room where he joined two of his mid-level supervisors who were trying to convince the appellant to go to work. The appellant was wearing civilian clothes and was sitting on his bed. The commander testified that after reading the appellant his "rights" from a wallet card, he told him, "I hereby order you to get into your uniform and report to your duty station." The appellant did not respond. The commander testified that he "waited for what I felt was a reasonable time considering the tension of the moment for him to respond and when he did not, I said with a little more firmness and volume I put in my voice, 'Now'." The appellant "hesitated for a few seconds and then rose slowly from the bed [and got into his uniform]." The debate at trial and on appeal is whether the appellant's delay was long enough to constitute disobedience. We hold it was not.

On examination by the military judge, the commander testified that the delay between his original order and his reinforcement order was "about five seconds." Although the commander testified there was still "some hesitation", he stated that the appellant began to obey the order almost immediately after he heard the reinforcing order.

In our view, this case is not about the enforceability of the commander's order to go to work. *Compare United States v. Pettersen,* 17 M.J. 69 (C.M.A.1983) (refused to obey order at all); *United States v. Peaches,* 25 M.J. 364 (C.M.A.1987); *United States v. Caton,* 25 M.J. 223 (C.M.A.1987). Rather, it is about whether the appellant's compliance with the order to get dressed was timely enough to constitute obedience

of the order. *See United States v. Bethea,* 2 M.J. 892 (A.C.M.R.1976); *United States v. Ashley,* 8 C.M.R. 810 (A.F.B.R.1953). *Ashley* held that a one minute delay in leaving a mess hall kitchen after being ordered to do so was not unreasonable. In *Ashley,* the Board recited the facts of two other cases, *United States v. Huffine* and *United States v. Hamilton,* where similar results were reached. 8 C.M.R. at 812. *Huffine* held that a two to four minute delay in going to a guardhouse as ordered was not unreasonable. *Hamilton* held that being slow in putting a Coke bottle down was not an unreasonable delay in complying with an order under the circumstances.

■ Military tradition and law both contemplate obedience to orders. However, it is obvious that while instantaneous fulfillment of the order is required in some cases, in others compliance will be adequate when it is performed in a reasonable time. Even this analysis can present difficulty, of course, because the words immediate or instantaneous may contemplate actions which are beyond human capacity. In this case we are to decide whether a servicemember's action in taking five seconds to get off his bunk and begin to get dressed constituted reasonable compliance. The appellant in this case was an airman basic who had been relieved of all but minimal duties and was awaiting discharge. There was testimony that the squadron expected him to be in the squadron area at twelve o'clock, noon, to perform extra duties until his normal shift began at 1600. Despite this, the squadron did not start looking for him until about 1315, and the commander did not give his order to get dressed until about 1530. It is apparent to us that the squadron was not relying on the appellant for immediate mission accomplishment. After giving full consideration to the totality of the circumstances, we hold that the five second delay between the initial order and the reinforcement order was not unreasonable. We are not convinced beyond a reasonable doubt that the appellant violated the commander's order. MCM, Part IV, paragraph 14c(2)(g). The findings of guilty of Charge II and its

specification are set aside and dismissed. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

The other errors asserted by the appellant are without merit. We must now reassess the sentence. Of all the charges and specifications in this case, a punitive discharge is authorized only for a violation of the specification of Charge II. We have dismissed Charge II and its specification. We find appropriate only so much of the sentence as extends to two months confinement and forfeiture of $200 per month for two months. The findings of guilty and the sentence, both as modified here, are

AFFIRMED.

Senior Judge FORAY concurs.

MICHALSKI, Judge
(concurring/dissenting in part):

The facts of this case as I see them, persuade me to disagree with that part of my Brothers' decision to set aside and dismiss the findings of guilty of Charge II and its specification, and accordingly to modify the sentence. The record of trial convinces me the appellant willfully disobeyed his superior commissioned officer.

The commander ordered appellant to get into his uniform and report to his duty station. The commander testified:

> He did not answer me. He sat on the bed and simply stared at me without gesture, without any kind of response, just looking at me ... I waited for what I felt was a reasonable period of time considering the tension of the moment for him to respond and when he did not, I said with a little more firmness and volume I put in my voice, "Now". It was not until the second command of "Now" did the appellant rise slowly from his bed and proceed to get dressed.

This scenario establishes the offense of which the appellant was appropriately convicted. It portrays open and intentional defiance of military authority. MCM, Part IV, paragraph 14c(2)(f) (1984). The very foundation of a well disciplined military is its responsiveness toward lawful superior authority. *See* W. Winthrop, *Military Law*

*and Precedents,* 571, 572 (2d Ed.1920 Reprint).

The situation was hostile and confrontational. Appellant's senior NCO, and a lieutenant were present. The Captain stood directly in front of the appellant, who sat motionless and gave no indication he was about to stir and did not until he was ordered a second time. It is abundantly clear that under the circumstances of this volatile scene, the first order required immediate compliance. This was not the time to tarry, or to play games with the commander. This charged atmosphere did not telegraph any idea that there was any time for delay in carrying out the order, or that more than a moment's hesitation would be tolerated. *United States v. Mclaughlin,* 14 M.J. 908, 913 (N.M.C.M.R.1982); *pet. denied,* 15 M.J. 405 (C.M.A.1983); *United States v. Wilson,* 17 M.J. 1032 (A.C.M.R. 1984); *United States v. Bethea,* 2 M.J. 892 (A.C.M.R.1976).

I would, therefore, affirm the findings and sentence as adjudged by the trial judge.